Slip Op. 22-9

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| FINE FURNITURE (SHANGHAI) LIMITED, ET AL., <br><br> Plaintiffs, <br><br> and <br><br> METROPOLITAN HARDWOOD FLOORS, INC., ET AL., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> COALITION FOR AMERICAN HARDWOOD PARITY, <br><br> Defendant-Intervenor. | Before: Timothy C. Stanceu, Judge <br><br> Consol. Court No. 14-00135 |

**JUDGMENT**

Before the court in this consolidated action are the Final Results of Redetermination Pursuant to Court Order (July 12, 2021), ECF Nos. 376, 376-1 ("Remand Redetermination"), the comments of certain parties thereon, Consolidated Pls.' Comments on Final Remand Results (Aug. 11, 2021), ECF No. 379, and defendant's

reply to the comments, Def.'s Reply to Comments on Remand Redetermination (Aug. 24, 2021), ECF No. 381 ("Def.'s Reply").

Also before the court is the response of plaintiff Fine Furniture (Shanghai) Limited ("Fine Furniture") to the court's Opinion and Order (June 2, 2021), ECF No. 374, concerning the status of relief to that party, in which Fine Furniture informs the court that it has received full relief as a result of liquidation of entries and the refund of excess duties. Notice of Full Relief Pursuant to Court Order (July 30, 2021), ECF No. 378. Plaintiff Dunhua City Jisen Wood Industry Co., Ltd. ("Dunhua Jisen") also has informed the court, in response to the court's Opinion and Order, that it "considers that it has received full relief with respect to its shipments subject to this litigation." Notice of Full Relief Pursuant to Court Order 2 (Aug. 11, 2021), ECF No. 380.

No party commented in opposition to the Remand Redetermination. Additionally, with respect to the remaining issue in this litigation, which is the rate to be determined for the separate rate respondents, defendant has informed the court that the International Trade Administration, U.S. Department of Commerce ("Commerce") "has now complied with the instructions in the Court's order" and "revised the separate rate calculated for separate rate respondents who are party to this litigation and have injunctions in place," determining "the revised separate rate to be 0.00 percent, based on the zero percent rates calculated for Armstrong Wood Products (Kunshan) Co., Ltd. and Nanjing Minglin Wooden Industry, Co., Ltd." Def.'s Reply 2.

**Court No. 14-00135**  Page 3

In the Remand Redetermination, Commerce informed the court that "[s]hould the CIT affirm these final results of redetermination we intend to issue an amended final results and instructions to CBP [U.S. Customs and Border Protection], accordingly." Remand Redetermination 7.

     Therefore, upon consideration of all papers and proceedings had herein, and upon due deliberation, it is hereby

     **ORDERED** that the Remand Redetermination be, and hereby is, sustained; and it is further

     **ORDERED** that, in accordance with the statements by Commerce, Remand Redetermination 6-7, Commerce shall issue amended final results and liquidation instructions to U.S. Customs and Border Protection that are in accordance with the decisions reached in the Remand Redetermination.

                                                   /s/ Timothy C. Stanceu
                                                   Timothy C. Stanceu, Judge

Dated: February 7, 2022
      New York, New York